UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

BRITTANY COHN, on behalf of
herself and others similarly situated

      Plaintiff,

v.                                    Case No: 2:17-cv-438-FtM-38CM

ROTOR HOLDINGS, INC. and
PAUL TUROVSKY,

      Defendants.

## ORDER

This matter comes before the Court upon review of Plaintiff's Motion for Default (Doc. 20) filed on January 9, 2018. Plaintiff filed the United States Marshal's Process Receipts and Returns. Docs. 14, 15.

Pursuant to Rule 55(a) of the Federal Rules of Civil Procedure, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Similarly, Middle District of Florida Local Rule 1.07(b) provides:

> When service of process has been effected but no appearance or response is made within the time and manner provided by Rule 12, Fed. R. Civ. P., the party effecting service shall promptly apply to the Clerk for entry of default pursuant to Rule 55(a), Fed. R. Civ. P.

M.D. Fla. R. 1.07(b). Prior to directing the Clerk to enter a default, the Court must first determine whether Plaintiff properly effected service of process. *United States v. Donald,* No. 3:09-cv-147-J-32HTS, 2009 WL 1810357, at *1 (M.D. Fla. June 24,

2009).

Service on a corporation can be made by any manner accepted in the state where the district court is located. Fed. R. Civ. P. 4(h)(1), 4(e)(1). Pursuant to Section 48.081 of the Florida Statutes, process may be served on a registered agent of the corporation, or an employee of the registered agent. Fla. Stat. § 48.081(3)(a). Here, the Process Receipt and Return as to Defendant Rotor Holdings, Inc. states that on September 1, 2017, the United States Marshal served the Summons and the Complaint upon Rotor Holdings, Inc.'s registered agent, Paul Turovsky.[1] Doc. 15. Thus, service of process as to Rotor Holdings, Inc. was properly effected under Rule 4(h) of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 4(h)(1).

With regard to an individual, the process server may deliver a copy of the summons and complaint to the individual personally, or "at the individual's dwelling or usual place of abode or with someone of suitable age and discretion who resides there." Fed. R. Civ. P. 4(e)(2)(A),(B). Here, the Process Receipt and Return as to Defendant Paul Turovsky, individually, states that on September 1, 2017, the United States Marshal personally served the Summons and the Complaint upon Turovsky. Doc. 14. Service of process therefore was properly effected under Rule 4(e) of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 4(e)(2)(A).

Pursuant to Rule 12(a)(1)(A) of the Federal Rules of Civil Procedure, a defendant must serve an answer within 21 days after being served with the summons and complaint. Here, Defendants have failed to do so within the time period;

---

[1] www. sunbiz.org.

therefore, the entry of Clerk's Default as to Defendants pursuant to Rule 55(a) of the Federal Rules of Civil Procedure and Middle District of Florida Local Rule 1.07(b) is appropriate.

ACCORDINGLY, it is hereby

**ORDERED:**

Plaintiff's Motion for Default (Doc. 20) is **GRANTED**. The Clerk is directed to enter a Clerk's Default against Defendants Rotor Holdings, Inc. and Paul Turovsky.

**DONE** and **ORDERED** in Fort Myers, Florida on this 27th day of February, 2018.

CAROL MIRANDO
United States Magistrate Judge

Copies:
Counsel of record