UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

BRITTANY COHN, on behalf of
herself and others similarly situated

       Plaintiff,

v.           Case No: 2:17-cv-438-FtM-38CM

ROTOR HOLDINGS, INC. and
PAUL TUROVSKY,

       Defendants.

## REPORT AND RECOMMENDATION[1]

This matter comes before the Court upon review of Plaintiff's Second Motion to Approve Settlement (Doc. 23)[2] filed on March 5, 2018. Plaintiff requests that the Court approve the parties' settlement of the Fair Labor Standards Act ("FLSA") claims and dismiss the case with prejudice. Doc. 23. For the reasons set forth

---

[1] A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1. **In order to expedite a final disposition of this matter, if the parties have no objection to this Report and Recommendation, they promptly may file a joint notice of no objection.**

[2] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or Web sites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other Web sites, this court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.

herein, the Court recommends that the settlement be **APPROVED** and Plaintiff's claim be dismissed with prejudice.

To approve the settlement, the Court must determine whether it is a "fair and reasonable resolution of a bona fide dispute" of the claims raised pursuant to the FLSA. *Lynn's Food Store, Inc. v. United States*, 679 F.2d 1350, 1355 (11th Cir. 1982). There are two ways for a claim under the FLSA to be settled or compromised. *Id.* at 1352-53. The first is under 29 U.S.C. § 216(c), providing for the Secretary of Labor to supervise the payments of unpaid wages owed to employees. *Id.* at 1353. The second is under 29 U.S.C. § 216(b) when an action is brought by employees against their employer to recover back wages. *Id.* When the employees file suit, the proposed settlement must be presented to the district court for the district court to review and determine that the settlement is fair and reasonable. *Id.* at 1353-54.

The Eleventh Circuit has found settlements to be permissible when the lawsuit is brought by employees under the FLSA for back wages because the lawsuit provides

> some assurance of an adversarial context. The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Id.* at 1354. "Short of a bench trial, the Court is generally not in as good a position as the parties to determine the reasonableness of an FLSA settlement. . . . If the parties are represented by competent counsel in an adversary context, the settlement

they reach will, almost by definition, be reasonable." *Bonetti v. Embarq Mgmt. Co., 715 F. Supp. 2d 1222, 1227 (M.D. Fla. 2009)*. Nevertheless, the Court must scrutinize the settlement to determine whether it is a "fair and reasonable resolution of a bona fide dispute." *Lynn's Food Store, Inc.*, 679 F.2d at 1355.

Plaintiff Brittany Cohn on behalf of herself and others similarly situated filed a Complaint and Demand for Jury Trial, seeking recovery of overtime compensation under the FLSA against Defendants Rotor Holdings, Inc. ("Rotor") and Paul Turovsky (collectively, "Defendants"). Doc. 1. Rotor is a Florida corporation engaged in business in Lee County, Florida. *Id.* ¶ 4. Turovsky managed and operated Rotor and regularly exercised the authority to hire and fire employees of Rotor and determine the employees' work schedules. *Id.* ¶¶ 6-8. Defendants employed Plaintiff as an office assistant from March 2017 to June 2017. *Id.* ¶¶ 22, 25. Plaintiff claims that during the term of her employment, she was not paid any overtime premium for all hours worked in excess of forty (40) hours within a workweek. *Id.* ¶¶ 26-27. Plaintiff also alleges Defendants failed to maintain proper time records. *Id.* ¶ 34.

Defendants have not appeared in this action. Instead, on September 27, 2017, Plaintiff requested the Court to approve the parties' settlement of her FLSA claim and dismiss the action. Doc. 16. The Court denied without prejudice this motion because Plaintiff engaged in settlement discussions with Defendants without her counsel present, and the proposed settlement agreement contained a mutual general release of claims and did not specify the payment of Plaintiff's attorney's fees and

costs.  Doc. 18.  On January 9, 2018, Plaintiff moved for the Clerk's entry of default against Defendants, which the Court granted.  Docs. 20, 21.  On February 27, 2018, the Clerk entered a default against Defendants.  Docs. 22.  On March 5, 2018, Plaintiff filed this motion to approve the parties' settlement agreement with an addendum.  Docs. 23, 23-1, 23-2.

In the proposed settlement agreement, Rotor agrees to pay Plaintiff a settlement amount totaling $2,000.00 in consideration for her underlying claim for overtime compensation.  Doc. 23-1 ¶ 5.  The agreement represents the parties have been fully advised by their counsel as to the terms of the agreement, engaged in extensive settlement discussions through their respective counsel and voluntarily entered into this agreement.  *Id.* at 1, 4.  Plaintiff further believes the settlement amount is a fair and reasonable settlement of all work she performed for Defendants, and the settlement agreement is fair and reasonable.  Doc. 23 at 2.

Based on the parties' representations and the policy in this circuit of promoting settlement of litigation, the Court recommends the monetary terms of the proposed settlement to be a fair and reasonable compromise of the dispute.  Other courts in this district similarly have approved settlements for a compromised amount in light of the strength of the defenses, the complexity of the case, and the expense and length of continued litigation.  *See e.g.*, *Diaz v. Mattress One, Inc.*, No. 6:10-CV-1302-ORL-22, 2011 WL 3167248, at *2 (M.D. Fla. July 15, 2011), report and recommendation adopted, 2011 WL 3166211 (M.D. Fla. July 27, 2011); *see also Dorismond v. Wyndham Vacation Ownership, Inc.*, No. 6:14-cv-63-Orl-28GJK, 2014 WL 2861483

(M.D. Fla. June 24, 2014); *Helms v. Ctr. Fla. Reg'l Hosp.*, No. 6:05-cv-383-Orl-22JGG, 2006 WL 3858491 (M.D. Fla. Dec. 26, 2006).

The Court further notes the proposed settlement agreement contains a mutual general release of claims and Plaintiff's separate general release of claims. Doc. 23-1 at 2-3, 23-2 at 1-2. In FLSA cases, general releases typically are disfavored because "a pervasive release in an FLSA settlement confers an uncompensated, unevaluated, and unfair benefit on the employer." *Moreno v. Regions Bank*, 729 F. Supp. 2d 1346, 1352 (M.D. Fla. 2010) (holding that the proposed FLSA settlement agreement was unfair and precludes evaluation of the compromise because of the pervasive and unbounded scope of the release).

This Court as well as other courts within this district have approved general releases in FLSA cases when the plaintiff receives compensation that is separate and apart from the benefits to which plaintiff is entitled under the FLSA. *Davis v. JP Sports Collectibles Inc.*, No. 2:16-cv-154-FtM-CM, 2016 WL 7474571, at *2 (M.D. Fla. Dec. 29, 2016) (approving the settlement agreement with mutual general releases because the plaintiffs received independent consideration for their individual general releases); *Weldon v. Backwoods Steakhouse, Inc.*, 6:14–cv–79–Orl–37TBS, 2014 WL 4385593, at *4 (M.D. Fla. Sept. 4, 2014); *Buntin v. Square Foot Management Company, LLC*, 6:14–cv–1394–Orl–37GJK, 2015 WL 3407866, at *2 (M.D. Fla. May 27, 2015); *Raynon v. RHA/Fern Park MR., Inc.*, 6:14–cv–1112–Orl–37TBS, 2014 WL 5454395, at *3 (M.D. Fla. Oct. 27, 2014).

In *Buntin*, the court approved a settlement agreement that contained a general

release because it was supported by independent consideration apart from that owed to him under the FLSA, specifically a mutual general release and a specific neutral reference by defendant. *Buntin,* 2015 WL 3407866, at *3. Other courts also have found mutual general releases to confer a benefit on plaintiff, and thus acceptable. *Capers v. Noah's Ark Repair Serv., Inc.,* No. 6:11-cv-457-ORL-28TB, 2013 WL 3153974, at *3 (M.D. Fla. June 19, 2013) (approving agreement as fair and reasonable where containing a mutual general release, finding that "[it] also confer[s] a benefit upon Plaintiff."); *Vergara v. Delicias Bakery & Rest., Inc.,* No. 6:12–cv–150–Orl–36KRS, 2012 WL 2191299, at *2–3 (M.D. Fla. May 31, 2012), report and recommendation adopted, 2012 WL 2191492 (M.D. Fla. Jun.14, 2012) (approving settlement agreement where general release by employee was exchanged for a mutual release by employer).

Here, Rotor will provide a separate compensation of $500.00 [3] and its reciprocal general release of claims in exchange for Plaintiff's general release of claims. Docs. 23-1 at 2-3, 23-2 at 1. The Court recommends Rotor's reciprocal general release and compensation of $500.00 constitute sufficient independent consideration for Plaintiff's general release. Docs. 23-1 at 2-3, 23-2 at 1; *see Buntin,* 2015 WL 3407866, at *3 (approving a settlement agreement with a general release because it was supported by a mutual general release and a specific neutral reference by the defendant).

---

[3] Plaintiff alleges the payment of $500.00 is consideration for Plaintiff's general release of claims and a confidentiality agreement. Docs. 23 at 2, 23-2 at 1.

Next, Plaintiff promises to move to voluntarily dismiss this action and seal this case. Doc. 23-1 ¶ 3. The parties also reference a confidentiality agreement in their addendum, which is not before the Court. Doc. 23-2 at 1. As noted in the prior Order, Plaintiff may not move to voluntarily dismiss this action without the Court's approval. Doc. 18 at 7. She also has not moved to seal this case or made any necessary showing to seal this case. *See* M.D. Fla. Rule 1.09(a).

Furthermore, pursuant to *Dees v. Hydradry, Inc.*, "a confidentiality provision furthers resolution of no bona fide dispute between the parties; rather, compelled silence unreasonably frustrates implementation of the 'private-public' rights granted by the FLSA and thwarts Congress's intent to ensure widespread compliance with the statute." 706 F. Supp. 2d 1227, 1242 (M.D. Fla. 2010); *see also Pariente v. CLC Resorts and Developments, Inc.*, No. 6:14-cv-615-Orl-37TBS, 2014 WL 6389756, at *5 (M.D. Fla. Nov. 14, 2014) (adopting the report and recommendation that recommended striking non-disclosure provision in FLSA settlement as contrary to congressional intent and frustrating the purpose of the FLSA) (quoting *Dees,* 706 F. Supp. 2d at 1242). In fact, "courts in this circuit routinely reject FLSA settlement agreements containing confidentiality provisions." *Pariente,* 2014 WL 6389756, at *5.

As set forth in *Dees*, the Court does not consider the settlement to be confidential, and notes the settlement agreement was filed in the public court record. Similarly, sealing this case is inappropriate in light of the congressional intent. *See Dees,* 706 F. Supp. 2d at 1242. Furthermore, Plaintiff has not submitted a

confidentiality agreement for the Court's review or made any appropriate showing to seal this case.  Accordingly, the Court notes it is not entertaining any motion to seal at this point and will not seal this case.   The Court further recommends striking the provision no. 3:

> Ms. Cohn Promises. Ms. Cohn instructs and authorizes her attorney of record to immediately file on or before September 28, 2017 in the aforementioned lawsuit a notice of voluntary dismissal with prejudice against all parties. Ms. Cohn further instructs her attorney to file a motion with the court to seal this lawsuit as the lawsuit is frivolously and improper. Ms. Cohn further understands, acknowledges, agrees and instructs her attorney that neither her attorney nor Ms. Cohn shall hold the Company liable for any and all attorney fees or court costs that Ms. Cohn or her attorney incurred during this lawsuit.[4]

Doc. 23-1 ¶ 3.   The Court also recommends striking the words "and confidentiality agreement" in the first paragraph of the parties' addendum and finding a confidentiality agreement is not part of the approved settlement agreement and is not permissible.   Doc. 23-2 at 1.

Lastly, the "FLSA requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement."  *Silva v. Miller*, 307 F. App'x 349, 351 (11th Cir. 2009).   Pursuant to *Bonetti,* 715 F. Supp. 2d at 1228,

> the best way to insure that no conflict [of interest between an attorney's economic interests and those of his client] has tainted the settlement is for the parties to reach agreement as to the plaintiff's recovery before the fees of the plaintiff's counsel are considered.   If these matters are

---

[4] The attorney's costs and fees provision here conflicts with Defendants' agreement to pay $4,500.00 as Plaintiff's attorney's fees and costs, which will be discussed later.   Docs. 23-1 ¶ 3, 23-2 at 1.

addressed independently and seriatim, there is no reason to assume that the lawyer's fee has influenced the reasonableness of the plaintiff's settlement.

In the instant case, the settlement was reached and the costs were agreed upon separately and without regard to the amount paid to Plaintiff. Doc. 23 at 2. Defendants agree to pay Plaintiff's attorney's fees and costs in the amount of $4,500.00. Doc. 23-2 at 1. Under these circumstances, the Court recommends that the settlement agreement is fair and reasonable.

ACCORDINGLY, it is respectfully

**RECOMMENDED:**

1. Plaintiff's Second Motion to Approve Settlement (Doc. 23) be **GRANTED**.

2. The following provision be **STRICKEN** from the settlement agreement:

> Ms. Cohn Promises. Ms. Cohn instructs and authorizes her attorney of record to immediately file on or before September 28, 2017 in the aforementioned lawsuit a notice of voluntary dismissal with prejudice against all parties. Ms. Cohn further instructs her attorney to file a motion with the court to seal this lawsuit as the lawsuit is frivolously and improper. Ms. Cohn further understands, acknowledges, agrees and instructs her attorney that neither her attorney nor Ms. Cohn shall hold the Company liable for any and all attorney fees or court costs that Ms. Cohn or her attorney incurred during this lawsuit.

Doc. 23-1 ¶ 3.

3. The Court **STRIKE** the words "and confidentiality agreement" in the first paragraph of the parties' addendum (Doc. 23-2 at 1) and **FIND** a confidentiality agreement is not part of the approved settlement agreement and is not permissible.

4. The Court enter an order **DISMISSING** with prejudice all claims asserted in this action by Plaintiff.

**DONE** and **ENTERED** in Fort Myers, Florida on this 7th day of March, 2018.

CAROL MIRANDO
United States Magistrate Judge

Copies:
Counsel of record